**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

LARRY CARR,                          :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :        Case No. 5:09-CV-327 (HL)
                                     :
ALFRED MORGAN HOLLOWAY,              :
JR.,                                 :
                                     :
        Defendant.                   :

## <u>ORDER</u>

This matter is before the Court on the Motion to Dismiss (Doc. 3) filed by the Defendant in this case.

In his Complaint (Doc. 1), the Plaintiff states that his claim is for more than $75,000. However, the only allegations regarding his damages are that he has incurred medical expenses in excess of $9,879.48, lost wages in excess of $20,000, and that he is entitled to compensation for pain and suffering. The Defendant filed this Motion to Dismiss, in which he argued that this Court lacks subject matter jurisdiction over the Plaintiff's claim because the amount in controversy does not exceed $75,000.

Federal courts are courts of limited subject matter jurisdiction. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261-62 (11th Cir. 2000). Federal courts are empowered to hear disputes between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. §

1332.  Generally, the court should defer to the value the plaintiff places on his claim.  See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 807 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co. 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938)).  "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."  Id.

In this case, the Plaintiff is asking for an indeterminate amount in damages.  Thus, it is now incumbent upon the Plaintiff to come forward with evidence sufficient to show by a preponderance of the evidence that his claim meets the jurisdictional minimum.  The Plaintiff is ordered to file with this Court, not later than July 2, 2010, evidence sufficient to show by a preponderance of the evidence that his claim is for more than $75,000 or his Complaint will be dismissed.  The Plaintiff's filing shall be in the form of a brief with exhibits.  The Defendant shall have ten days after service of the Plaintiff's brief to respond to the Plaintiff's brief.  There will be no reply brief except by permission of this Court.

**SO ORDERED**, this the 22nd day of June, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch