# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LARRY CARR,<br><br> Plaintiff,<br><br>v.<br><br>ALFRED MORGAN HOLLOWAY, JR.,<br><br> Defendant. | Civil Action No. 5:09-cv-327(HL) |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 3). For the following reasons, the Court grants the Motion.

## I. BACKGROUND

On September 17, 2009, Plaintiff Larry Carr ("Plaintiff") filed a personal injury tort claim against Defendant Alfred Morgan Holloway, Jr. ("Defendant"). (Doc. 1). The claim arose out of an automobile accident that occurred on February 13, 2008 in East Ellijay, Georgia. (Doc. 1, Compl. ¶ 4). Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 3).

On November 31, 2009, Defendant filed a Motion to Dismiss (Doc. 3), alleging that Plaintiff had failed to meet the amount in controversy requirement of diversity jurisdiction. (Doc. 3-2, p. 2). On June 22, 2010, the Court entered an order requiring Plaintiff to come forward with evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. (Doc. 15).

On July 12, 2010, Plaintiff filed his Brief in Support of Federal Jurisdiction. (Doc. 17). Plaintiff contends that the amount in controversy exceeds $75,000.00 because: (1) Plaintiff's medical expenses incurred as a result of the automobile accident exceed $20,000.00; (2) Plaintiff has been unable to work from the date of the accident to the present, and Plaintiff's lost wages for that period amount to $76,700.00; and (3) Plaintiff's diminished future earning capacity as a result of the accident constitutes a significant sum. (Doc. 17, p. 6-7). In Defendant's Brief in Response to Plaintiff's Brief in Support of Federal Jurisdiction (Doc. 18), filed on July 22, 2010, Defendant responds that the amount in controversy Plaintiff has proven by a preponderance of the evidence is $72,144.13 because: (1) the medical expenses proven by a preponderance of the evidence total $15,051.13; (2) the lost wages proven by a preponderance of the evidence total $57,093.00; and (3) the damages for diminished future earnings have not been proven by a preponderance of the evidence to total anything. (Doc. 18, p. 7).

## II.    ANALYSIS

"Federal courts are courts of limited jurisdiction." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted). Federal courts are empowered to hear disputes between citizens of different states if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab

Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut., 329 F.3d at 807 (citation omitted). A claim for damages is indeterminate if the complaint does not allege a specific amount of damages. Id. at 808.

In his complaint, Plaintiff made an allegation that the amount in controversy exceeds $75,000.00 based on four claims: (1) a claim for $9,879.48 in medical expenses; (2) a claim for $20,000.00 in lost wages; (3) an indeterminate claim for unspecified "other actual damages"; and (4) an indeterminate claim "for his past and future pain and suffering." (Doc. 1, Compl. ¶¶ 3-6). Because Plaintiff has not placed any dollar amount on the non-medical and non-wage damages he is seeking, Plaintiff bears the burden of coming forward with evidence to establish—by a preponderance of the evidence—that the damages he claims are likely to exceed $75,000.00.

**A. Medical Expenses**

Plaintiff contends that the cost of his total medical treatment to date exceeds $20,000.00. (Doc. 17, p. 3). Plaintiff presented in his brief an itemized list of medical expenses totaling $9,437.48. (Id. at 2; Doc. 17-2, Ex. A). Plaintiff then asserts that he is unable to provide an itemized list of additional medical expenses from six other medical providers because he is awaiting an itemization of charges from two of those providers (Copper Basin Medical Center ER and Murphy Medical Center ER) and is awaiting records and bills from the other four

providers (Mission Hospitals of Asheville, NC, Asheville Radiology, Southern Smokies Radiology, and Stoneriver Pharmacy of Asheville, NC). (Doc. 17, p. 3).

With respect to the two providers from which Plaintiff is awaiting an itemization of charges, Plaintiff insists that he has received treatment from those providers in 2009 (Id. at 4), but he provides no evidence to support the expenses incurred in connection with that treatment.

With respect to the four providers from which Plaintiff has allegedly not received records and bills, Plaintiff has presented a document generated in the course of his worker's compensation proceeding in North Carolina, which shows that those four providers were compensated in the amount of $5,613.65. (Id.; Doc. 17-2, Ex. B). Plaintiff asserts that those items of compensation were reduced by approximately one third from their full amount in the course of settling his work's compensation claim (Doc. 17, p. 4), but he, again, provides no evidence to support that assertion.

Adding $9,437.48, the medical expenses in the itemized list, to $5,613.65, the medical expenses in the worker's compensation document, the grand total of medical expenses for which Plaintiff has provided evidence is $15,051.13. As Plaintiff has not proved any medical expenses incurred beyond $15,051.13 by a preponderance of the evidence, any amount beyond that amount is not considered in the Court's calculation of the amount in controversy.

**B. Lost Wages**

Plaintiff argues that his lost wages equal $76,700.00. (Doc. 17, p. 6). That amount consists of two components: (1) $20,000.00 of it is attributable to a

4

logging contract that Plaintiff claims he was unable to perform due to the injuries he allegedly suffered as a result of the car accident giving rise to this suit; and (2) $56,700.00 of it is attributable to 126 weeks of lost wages (at $450.00 per a week) arising out of Plaintiff's employment at a furniture store where he has not worked since the accident. (Id. at 5-6). With respect to the latter amount, Plaintiff concedes that his claimed lost wages from his furniture-store job are $56,700.00 as of the date of "this filing" (Id. at 5)—i.e., as of the filing of his brief in support of federal jurisdiction, on July 12, 2010.

Well-settled case law confirms that it is the damages claimed as of the date that the complaint was filed that matter for purposes of assessing subject matter jurisdiction. See Vacca v. Meetze, 499 F. Supp. 1089, 1091 (S.D. Ga. 1980); 14AA C. Wright & A. Miller, Federal Practice and Procedure: Civil § 3702 (2010).

From the date of the accident giving rise to this suit (February 18, 2008) to the date that Plaintiff filed his complaint in this case (September 17, 2009), a total of 82 weeks and 3 days elapsed. With respect to his job at the furniture store, based on Plaintiff's salary calculations of $450.00 per a week, the amount of lost-wages damages in controversy at the time that his complaint was filed was $37,092.86 (rounding off the numbers to the nearest hundredths)—not the July 12, 2010 amount of $56,700.00. Adding to that figure the value of the logging contract—$20,000—that Plaintiff alleges that he was unable to perform as a result of his injuries, the grand total of claimed lost wages damages in

5

controversy proven by a preponderance of the evidence on September 17, 2009 comes to $57,092.86.

### C. Diminished Future Earning Capacity

Plaintiff concedes that he is uncertain as to the amount of damages that he is entitled to for his diminished future earning capacity. (Doc. 17, p. 5). Plaintiff has presented his functional capacity evaluation (Doc. 17-2, Ex. C) which shows that Plaintiff scored fit to perform sedentary work, and Dr. Craig Boatright's diagnoses (Doc. 17-2, Ex. D) that Plaintiff has suffered a partial permanent impairment and assigned an impairment rating of 3%. However, Plaintiff has not provided any evidence of how the evaluation and diagnoses make the damages for his diminished future earning capacity a significant sum. As Plaintiff has not shown any amount of damages arising out of his diminished future earning capacity by a preponderance of the evidence, any claimed entitlement to damages for diminished future earning capacity is disregarded for purposes of calculating the amount in controversy.

## III. CONCLUSION

Plaintiff has alleged that the amount in controversy in this case exceeds $75,000.00, but the evidence that he has produced to corroborate that allegation shows that at the time his complaint was filed on September 17, 2009, the amount in controversy was $72,143.99—$15,051.13 for medical expenses and $57,092.86 for lost wages. This amount is insufficient to satisfy the Court's amount in controversy requirement for diversity jurisdiction.

Accordingly, the Court grants Defendant's Motion to Dismiss (Doc. 3), and Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. <u>Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.</u>, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.")

**SO ORDERED**, this the 3rd day of August, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kl