# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LARRY CARR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:09-cv-327 (HL) |
| ALFRED MORGAN HALLOWAY, JR., | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff Larry Carr's ("Carr") Motion to Reconsider (Doc. 22) and Motion for Hearing (Doc. 21). For the following reasons the motion to reconsider is granted and the motion for hearing is denied.

## I. BACKGROUND

Carr filed a complaint alleging violations of state law in this Court on September 17, 2009 asserting federal jurisdiction on the basis of diversity. The complaint alleges that Carr was injured in a car collision caused by the negligence of the Defendant Alfred Morgan Halloway, Jr. ("Halloway").

Halloway filed a motion to dismiss the complaint arguing that Carr failed to show by a preponderance of the evidence that his claims for damages exceeded $75,000. Since Carr claimed indeterminate damages, the Court entered a show cause order requiring Carr to come forward with evidence sufficient to show that his claims met the jurisdictional minimum. See Federated Mut. Ins. Co. v. McKinnon

Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) ("However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.") (citations omitted). Carr responded to the show cause order. On August 3, 2010, the Court granted the motion to dismiss finding that Carr failed to prove by a preponderance of the evidence that the amount in controversy of Carr's case exceeded $75,000.

Carr then filed his motion for reconsideration of the order dismissing his case for lack of jurisdiction (Doc. 22). In his motion he argues that the Court erred in only considering the damages to which he assigned a dollar value when determining if the amount in controversy was met. He contends if the Court considered his claimed damages of pain and suffering, to which he did not assign a dollar value, that the amount in controversy would be satisfied.

## II. DISCUSSION

### A. Reconsideration Standard

Local Rule 7.6 warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. A motion for reconsideration must be filed within 14 days after entry of the order. Id.

A motion for reconsideration is appropriate if the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been

2

discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (citing Wallance v. Georgia Dep't of Trans., 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003).

In this case, there has been an intervening change in the law regarding how a proponent of federal jurisdiction may satisfy its burden of proof in proving the amount in controversy. Because of this change, the motion for reconsideration is granted. A hearing on the motion is unnecessary.

### B.  Intervening Change in the Law

Two days after the Court entered its order dismissing Carr's complaint for lack of subject matter jurisdiction, the Eleventh Circuit Court of Appeals entered an opinion, Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010), which addressed whether the allegations in a complaint for indeterminate damages established by a preponderance of evidence the required amount in controversy.[1]

---

[1] The Roe opinion followed Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir.2010). In Pretka, the Eleventh Circuit did not decide a case that required it to look solely at the complaint to determine if the amount in controversy is met. Pretka, 608 F.3d at 770 ("Nonetheless, we need not look solely to the complaint and the named plaintiffs' contracts that are attached to it, and have no occasion to express any view on

3

Roe, 613 F.3d at 1059. Although Roe arose in the removal context and this case does not, the Eleventh Circuit has held the removal context is analogous to this setting since on removal a defendant must also show to the court by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Federated Mut. Ins. Co., 329 F.3d at 807 n. 1 (explaining that a declaratory judgment action alleging indeterminate damages was similar to removal cases).

In Roe, the plaintiff sued claiming damages under the Alabama's Wrongful Death Act, a statute that permitted the recovery of punitive, but not compensatory damages. Roe, 613 F.3d at 1059-60. Although the complaint did not specify a specific amount of damages sought, the district court found that it was facially apparent that the case met the $75,000 amount in controversy requirement. Id. at 1060.

In deciding whether the amount in controversy was satisfied, the Eleventh Circuit explained that "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." Id. at 1064 "[A] district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Id. at 1062 (citation and

how we would decide this case if that were the only evidence of the amount in controversy. It is unnecessary for us to answer that question, and we imply no view on it, because there is more evidence in this case."). In contrast, here the Court must look to Carr's complaint alleging pain and suffering to determine if the claim for pain and suffering damages pushes the amount in controversy above $75,000.

4

quotation omitted).

The Eleventh Circuit affirmed the district court's finding that the plaintiff's claims more likely than not exceeded $75,000. Id. at 1065. It concluded that when the value of the plaintiff's claims were analyzed with judicial experience and common sense and under the factors for determining a punitive damages award in a wrongful death case, the amount in controversy likely exceeded the $75,000. Id. The Roe court looked to the fact that the plaintiff alleged that the defendant acted wantonly, destroyed a human life, and that the defendant could have prevented the victim's death it had exercised ordinary care. Id. at 1066. Because the defendant was a tire manufacturer and sold its tires throughout the nation, the public has a substantial interest in deterring the defendant's conduct. Id. These allegations led the Roe court to believe that the amount in controversy was satisfied. Id.

In sum, Roe made clear that a district court need not dismiss a case for lack of subject matter jurisdiction solely because the complaint alleges indeterminate damages. Applying Roe's rule that a district court must apply its common sense and judicial experience to indeterminate damages claims, the Court finds that Carr's complaint satisfies the amount in controversy.

### C. Whether Carr's Unspecified Damages Claim for Pain and Suffering Pushes the Amount in Controversy Above $75,000

Carr argued in his response to the Court's show cause order that his case met the amount in controversy because he incurred damages arising from medical

5

expenses, lost wages, diminished future earning capacity, and pain and suffering. In its order (Doc. 19) granting Halloway's motion to dismiss the Court determined that Carr proved by a preponderance of the evidence that his damages for medical expenses and lost wages amounted to $72, 143.99. It did not review the claimed damages for pain and suffering because Carr assigned no dollar figure to them and merely asserted that his complaint sought damages for intangible losses attributed to pain and suffering. The Court also concluded that Carr did not produce any evidence showing what his damages for his diminished future earning capacity would be. Since Carr met his burden only to $72, 143.99, the Court dismissed the complaint for lack of subject matter jurisdiction.

In his motion for reconsideration Carr asserts that damages for pain and suffering would exceed $2,856.02 and therefore, if the Court considered them along with damages for medical expenses and lost wages, then the Court would find that the amount in controversy exceeds $75,000. He points to his medical records filed in his response to the Court's show cause order, which describe his pain as "debilitating" and opinions of his medical providers who opined that Carr was unable to engage in many normal activities and usual work from the date of the collision through the filing of Carr's complaint.

Damages for pain and suffering will seldom be reduced to dollar figures as a normal part of litigation. Under Georgia law, "[p]ain and suffering is a generic name for several types of damages falling under that head, including mental and physical

6

pain and suffering, past, present and future. The measure of damage in such cases is the enlightened conscience of impartial jurors." <u>Aretz v. United States</u>, 456 F.Supp. 397, 401 (D.C. Ga.1978).

As is to be expected, Carr has not assigned dollar figures to the amount of his claimed damages for pain and suffering, but he has presented evidence that his sustained injuries caused him to be unable to work since the date of the accident. He has received medical treatment for his injuries, including treatment for his neck and back pain, and has presented evidence that he suffers from a diminished working capacity. The court's common sense and judicial experience lead it to believe that this evidence, if presented to a jury, would more likely than not result in a pain and suffering award in excess of $2,856.02. Thus, after reviewing the complaint and other evidence regarding Carr's medical expenses and lost wages, Carr has satisfied his burden of showing by a preponderance of the evidence that the amount in controversy of his case exceeds $75,000.

## III. CONCLUSION

The motion for reconsideration is granted and the final judgment dismissing the case is vacated. The Court has diversity jurisdiction over this case.

**SO ORDERED**, this the 1st day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc